# UNITED STATES EX REL. FOREMAN *v.* MEYER, SECRETARY OF THE NAVY.

## PETITION FOR WRIT OF ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

Submitted January 27, 1913.—Decided February 24, 1913.

*Champion Lumber Co.* v. *Fisher, ante,* p. 445, followed as to the construction of subd. 5 of § 250 of Judicial Code regulating the review by this court of judgments of the Court of Appeals of the District of Columbia.

The validity and scope of the authority of an officer of the United States is not drawn in question where the controversy is confined to determining whether the facts under which he can exercise that authority do or do not exist.

Writ of error to review 38 App. D. C. 472, denied.

THE facts, which involve the construction of § 250 of the Judicial Code of 1911 and the jurisdiction of this

·court to review judgments of the Court of Appeals of the District of Columbia, are stated in the opinion.

*Mr. Patrick H. Loughran* for petitioner.

*The Solicitor General, Mr. Clarence R. Wilson,* United States Attorney, and *Mr. Reginald S. Huidekoper* in opposition.

MR. JUSTICE DAY delivered the opinion of the court.

Foreman filed a petition in the Supreme Court of the District of Columbia for a writ of mandamus to compel the Secretary of the Navy to record his name upon the register of retired officers of the Navy as a paymaster's clerk from the twenty-seventh of June, 1910. An answer having been filed, to which the petitioner interposed a demurrer, the Supreme Court, upon the petitioner electing to stand on his demurrer, entered an order of dismissal, which was affirmed by the Court of Appeals (38 App. D. C. 472). A writ of error to this court having been refused by the Court of Appeals, this petition was filed here.

The petitioner claimed that he was an officer below the rank of vice-admiral, sixty-two years old, and entitled, under § 1444 of the Revised Statutes, to be retired from active service, and also claimed that he was entitled to the benefits of the act of June 24, 1910 (36 Stat. 605, 606, c. 378), providing that all paymasters' clerks shall, while holding appointment in accordance with law, receive pay and allowance and have the same rights of retirement as warrant officers of like length of service in the Navy.

It appears that the petitioner was appointed paymaster's clerk in 1893 for duty at the Navy Pay Office at

San Francisco, California, which was and is a purchasing paymaster's office, where he continued until November 20, 1908, receiving an annual compensation of $2,000, which was paid from the appropriation entitled "Pay, Miscellaneous," when he was notified by the Acting Secretary of the Navy of his promotion to chief clerk in the same pay office, which position the petitioner accepted and in which he served until April 17, 1909, when he filed his application for retirement as an officer of the Navy under § 1444, having attained the age of sixty-two years on July 1, 1906. This application was denied. On November 14, 1910, he petitioned for retirement under the act of June 24, 1910. This petition also was denied. On December 14, 1910, the petitioner's request for leave without pay was approved by the Department, and he was notified that if he was unable to report for duty by December 31, 1910, his resignation would be accepted, otherwise he would be discharged. On January 7, 1911, petitioner tendered his resignation, under protest, which was accepted.

After considering the various statutes the Court of Appeals reached the conclusion that the petitioner was not a paymaster's clerk within the meaning of the law, and said (p. 476):

"Appellant was appointed 'for duty at the Navy Pay Office' at San Francisco, a purchasing paymaster's office. He received an annual salary of $2,000 from 1893 to 1908, instead of $1,300, to which he would have been entitled had he been appointed under the provisions of sec. 1386 [which provides for the appointment of regular paymaster's clerks]. His promotion in 1908 did not affect his status, since he was at no time a paymaster's clerk in the technical sense, but at all times attached to the particular office. He was no more an officer of the Navy than any one of the many employés of the Navy Department at Washington.

"We rule therefore that he never possessed any right to retirement. Upon the other questions suggested, it is unnecessary to express an opinion."

The decision therefore rested upon the denial of the contention that petitioner was a paymaster's clerk and entitled to the benefit of the statutes governing such cases.

This case, like the one just decided, *Champion Lumber Co.* v. *Fisher, ante,* p. 445, is sought to be brought here under § 250 of the Judicial Code because it is said to be a case in which the validity of an authority exercised under the United States or the existence or scope of the power or duty of an officer of the United States is drawn in question. From what we have said of the character of the case made and decided, we think it is apparent that no such validity was drawn in question, nor was the existence or the extent or scope of the power or duty of an officer of the United States challenged or decided.

The case was made and a decision was had in the Court of Appeals upon the issue whether under the statutes invoked by the petitioner as the ground of his right to the relief sought, he was or was not a paymaster's clerk entitled to be entered upon the register of retired officers of the Navy. Applying the principles just announced in deciding the case of *Champion Lumber Co.* v. *Fisher, ante,* p. 445, *the petition for writ of error in this case must be denied.*